SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATHERINE A. RYKKEN, CAB #267196**
Assistant United States Attorney
Katherine.Rykken@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00350-AB-03 |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **REXONA CALDARARU,** | |
| **Defendant.** | |

<u>**Introduction**</u>

Defendant Rexona Caldararu ("defendant" or "Caldararu") engaged in a months' long scheme to defraud elderly victims by stealing their bank cards and taking money from their bank accounts.  Defendant caused a loss of at least $73,741.69 to more than ten elderly victims.  The United States recommends that the Court sentence defendant to 12 months for conspiracy to commit bank fraud and bank fraud (Counts 1 and 4), and a mandatory consecutive 24-month sentence for aggravated identity theft (Count 10), for a total of 36 months' of imprisonment.

<u>**Factual Background**</u>

A.     **The Offense Conduct**

Beginning in the summer of 2023 and continuing through the summer of 2025, defendant engaged in a fraud scheme affecting elderly people. The fraud scheme generally worked as

**Government's Sentencing Memorandum**                                                            **Page 1**

follows.  Defendant or one of her co-conspirators, usually Lucian Sulitanu, would follow a

victim through the grocery checkout line, watching over their shoulder to observe the pin number

the victim used with their debit card to pay for groceries.  She would then follow the victim to

the parking lot, pretending that the victim had lost cash, usually $20.  One of the defendants

would insist on placing the cash into the victim's wallet or elsewhere on or near the victim's

person and, at the same, remove the victim's debit card.  Caldararu or her co-conspirator would

then proceed to the victim's bank and remove as much money as possible, either via ATM or by

going to the teller.  At times, defendant would also use the victim's debit card to make purchases.

Defendant caused a total loss of at least $73,741.69, which loss affected eleven victims in the

District of Oregon and elsewhere.[1]

In the plea agreement, defendant pled guilty to one specific instance of this fraud scheme,

along with the larger loss amount affecting the 12 victims from whom defendant stole directly.

The instance to which she pled guilty occurred on November 13, 2024, when defendant and her

co-conspirator Sulitanu followed Adult Victim 3 (AV3) through a WinCo grocery store in

Oregon City.  This followed the usual pattern of watching AV3 use a debit card to learn the PIN,

following AV3 to the parking lot to steal AV3's debit card, and then using the debit card to steal

$4,000 from AV3's bank account and making purchases totaling $3,495 at the outlet stores in

Woodburn, Oregon.  The loss to AV3 that day totaled $7,495.

---

[1] In the plea agreement, defendant agreed to a loss amount of $76,515.  The USPO correctly
calculated a slightly lower loss amount of $73,741.69.  PSR ¶ 37.  This small difference does not
affect the sentencing guidelines calculation but will be reflected in the government's final
restitution calculation.  In the PSR, the USPO also correctly identified a twelfth victim based on
the discovery the government provided.  *Id.*  This likewise does not affect the sentencing
guidelines calculation, but the government commends the USPO for its diligent search of all
available information.

**Government's Sentencing Memorandum**                                                    **Page 2**

**B.     The Charges**

Defendant was charged in a superseding indictment with one count of Conspiracy to

Commit Bank Fraud, in violation of 18 U.S.C. § 1349, two counts of Bank Fraud, in violation of

18 U.S.C. § 1344(2), and one count of Aggravated Identity Theft, in violation of 18 U.S.C. §

1028(A).

**C.     The Plea Agreement & Guideline Computations**

Defendant agreed to plead guilty to counts one, four and ten, and in exchange, the

government will dismiss the remaining counts at sentencing.

The parties agree with the following PSR computations and that defendant's criminal

history category is I:

**Counts 1 and 4**

| Enhancement | Government's Position |
|---|---|
| Base Offense Level<br>USSG § 2B1.1(a)(1) | 7 |
| Loss of more than $95,000 but less than $150,000<br>USSG § 2B1.1(b)(1)(D) | +6 |
| More than 10 victims<br>USSG § 2B1.1(b)(2)(A)(i) | +2 |
| Theft from another person<br>USSG § 2B1.1(b)(3) | +2 |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -3 |
| Early Resolution<br>(3553(a)) | -3 |
| **Total Offense Level** | **11** |
| **Resulting Guideline Range** | **8-14 months** |

The PSR calculates a higher total offense level of 16, based on a 2-level enhancement for

vulnerable victims (USSG § 3A1.1(b)(1)), which the government acknowledges is factually

supported.  *See* PSR ¶ 52.  This total offense level of 16 does not include the government's

**Government's Sentencing Memorandum**                                                            **Page 3**

request for a 3-level downward variance under 18 U.S.C. § 3553 for early acceptance of responsibility. Consistent with the government's obligations under the plea agreement, the government continues to recommend that the court adopt the parties mutually agreed upon sentencing calculation as outlined above.

**Count 10**

Consistent with the plea agreement, defendant also faces a mandatory consecutive sentence of 24 months for her aggravated identity theft conviction, in violation of 18 U.S.C. § 1028A.

**Argument**

**A.     Contested Guideline Issues**

There are no contested guidelines issues.

**B.     Government's Recommended Sentence**

The United States adopts the Guideline calculations and criminal history computation set forth in the PSRs, with the one exception set forth above related to the two-level enhancement for vulnerable victims under USSG § 3A1.1(b)(1). The United States believes defendant has a total offense level of 11 and a criminal history category of I, falling within an advisory Guidelines range of 8 to 14 months' imprisonment. The United States recommends that the Court sentence defendant to 12 months for conspiracy to commit bank fraud and bank fraud (Counts 1 and 4), and a mandatory consecutive 24-month sentence for aggravated identity theft (Count 10), for a total of 36 months of imprisonment.

Nature, Circumstances, and Seriousness of the Offense

The nature, circumstances, and seriousness of defendant's fraudulent scheme support the recommended sentence. Defendant repeatedly targeted elderly victims shopping at a low-income

**Government's Sentencing Memorandum                                        Page 4**

grocery store and then stole from the bank accounts they used for daily expenses.  Defendant did not just take cash from their bank accounts but also used the victims' bank cards to make clothing and other purchases.  As part of the scheme, defendant also physically interacted with the victims, stealing a bank card from their wallet, purse, or pocket.  Accordingly, the nature, circumstances, and seriousness of the offenses warrant a mid-range sentence.

<u>Need to Protect the Public, Provide Adequate Deterrence, and Protect the Public</u>

The Court should also impose the recommended sentences to protect the public, promote respect for the law, provide for general and specific deterrence, and provide for just punishment.  This is defendant's first conviction but not her first arrest.  She has repeatedly been arrested and released throughout the United States for the same conduct.  Thus, the recommended sentence of 36 months will provide defendant with ample time to consider the consequences of her actions, promote respect for the law, deter her from committing other crimes, and provide a just punishment.  It will also have the desired goal of preventing other elderly victims from suffering the same loss.

**C.      Need to Avoid Unwarranted Sentencing Disparities**

Section 3553(a)(6) requires a court to "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty for similar conduct."

According to Probation, during the last five years, there were 52 defendants whose primary guideline was USSG §2B1.1 and who were convicted of at least one count of 18 U.S.C. § 1028A, with a Final Offense Level of 16 and a Criminal History Category of I.  For the 52 defendants (100%), the average length of imprisonment imposed was 38 months, and the median length of imprisonment imposed was 36 months.  *See* PSR ¶ 123.  The government's

**Government's Sentencing Memorandum**                                              **Page 5**

recommended sentence falls squarely within the average range, even slightly under the average, and would not create an unwarranted sentencing disparity.

### D.    Restitution & Forfeiture

At the time of sentencing, the government will provide the court with a list of victims and the restitution to be paid to each party or bank, as indicated by the PSR.  *See* PSR ¶¶ 115-18. The government expects that the overall restitution amount will be $73, 714.69 to be paid to victims or, if the banks have already made the victim whole, the amount would be payable to the bank.

### Conclusion

Based on the foregoing, the government recommends that this Court impose a sentence of 36 months, followed by a one-year term of supervised release, subject to the standard conditions; restitution/fine in the amount of $73,714.69.

Dated: May 20, 2026                                Respectfully submitted,

                                                   SCOTT E. BRADFORD
                                                   United States Attorney

                                                   */s/ Katherine A. Rykken*
                                                   KATHERINE A. RYKKEN, CAB #267196
                                                   Assistant United States Attorney

**Government's Sentencing Memorandum**                                    **Page 6**